**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Westfield Insurance Company,

                      Plaintiff,

                                                                Civ. No. 10-4346 (RHK/FLN)
v.                                                               **ORDER**

Niles-Wiese Construction Co., Inc., *et al.*,

                      Defendants.

      This matter is before the Court *sua sponte*.

      Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff Westfield Insurance Company ("Westfield") commenced this contract action against several defendants, including Straight River Development, LLC ("SRD") and Straight River Asphalt, LLC ("SRA"). Westfield alleges in the Complaint that it is an Ohio corporation with its principal place of business in Westfield Center, Ohio, and that SRD and SRA are Minnesota limited liability companies with their principal places of business in Medford, Minnesota. (Compl. ¶¶ 1, 4.) The remaining defendants are Minnesota corporations with their principal places of business in Minnesota, or individuals who live in this state.

      As the party invoking the Court's jurisdiction, Westfield bears the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required it to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). It has failed to do so.

As noted above, SRD and SRA are limited liability companies. A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, the Complaint contains no information about the citizenship of SRD's or SRA's members – indeed, no members are identified in the Complaint at all. Accordingly, the Court cannot determine from the face of the Complaint whether diversity jurisdiction exists in this case.[1]

Based on the foregoing, **IT IS ORDERED** that Westfield shall redress the deficiencies set forth above on or before November 9, 2010, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: October 26, 2010

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge

---

[1] Westfield should not be heard to complain that it lacks sufficient information at this juncture to adequately allege the citizenship of SRD's and SRA's members. By commencing this action here, it was required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).